IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWYN HARBEN, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 18-1833 |
| ALLERGAN USA, INC., et al., : | |
| : | |
| Defendants. : | |

ORDER

**AND NOW**, this ___15th____ day of July, 2019, upon consideration of Defendant's Motion to Dismiss ("Motion") (Doc. 5), Plaintiff's Response in Opposition (Doc. 16), and Defendant's Sur-Reply (Doc. 21), **IT IS HEREBY ORDERED AND DECREED** that Defendant's Motion is **GRANTED**.[i]

**IT IS FURTHER ORDERED** that all claims against Defendant Sofregen Medical, Inc. are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

/s/ Petrese B. Tucker
_____
Hon. Petrese B. Tucker, U.S.D.J.

I. FACTUAL AND PROCEDURAL BACKGROUND

Before the Court is Defendant Sofregen Medical, Inc.'s Motion to Dismiss Plaintiff Dwyn Harben's ("Plaintiff") claims pursuant to Federal Rule of Civil Procedure 12(b)(6), failure to state a claim. Since the Court is writing primarily for the Parties, it will only discuss facts relevant to its analysis.

1

On January 29, 2015, Plaintiff underwent a prophylactic left breast mastectomy and Plaintiff's surgeon implanted the SERI Mesh in Plaintiff's left breast. Compl. ¶ 2, Doc. 1-1. Plaintiff allegedly suffered various complications because of the SERI Mesh and her surgeon removed the SERI Mesh on December 28, 2016. Pl.'s Resp. to Def.'s Mot. to Dismiss Mem. 1, Doc. 16-1. On November 10, 2016, Defendant acquired the SERI Mesh from the other named Defendants via an asset purchase agreement. Def.'s Mot. to Dismiss Mem. 3 n.2.

Plaintiff brings various claims under strict liability and negligence, arguing that the other named Defendants Allergan USA, Inc., Allergan Sales, LLC, and Allergan, Inc., manufactured, designed, distributed, marketed, sold and warranted the defective SERI Mesh. Compl. ¶ 1. Plaintiff seeks recovery for physical pain and mental anguish she suffered due to the defective SERI Mesh. Compl. ¶ 207. Defendant argues that as a successor of the SERI Mesh, it is not liable for Plaintiff's injuries. Def.'s Mot. to Dismiss Mem.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead sufficient factual matter to show that relief is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility determination is context specific, thus, the court must rely on its own judicial experience and common sense. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

The Court must take a plaintiff's well pleaded facts as true and view them in the light most favorable to the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The "complaint must do more than allege the plaintiff's entitlement to relief," it must

"show such [] entitlement with its facts." *Fowler*, 578 F.3d at 211. As such, "[t]hreadbare recitals of the cause . . . of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

Defendant Sofregen and the other named Defendants Allergan USA, Inc., Allergan Sales, LLC, and Allergan, Inc. entered in to an asset purchase agreement in November 2016. Compl. ¶ 11. Defendant argues that the agreement "expressly excluded 'previously sold products' (*i.e*. SERI mesh sold before November 10, 2016) from the liabilities [] assumed as a result of the agreement with Allergan." Def.'s Mot. to Dismiss Mem. 11 n.1, Doc. 5. Thus, absent an exception to the general rule that "a successor corporation that purchases the assets of another corporation is not responsible for the liabilities of the predecessor," Defendant is not liable for Plaintiff's injuries. Def.'s Mot. to Dismiss Mem. 9. Defendant argues that Plaintiff has not pled any facts to support an exception to this general rule. Def.'s Mot. to Dismiss Mem. 9. Plaintiff counters by stating that the "product line exception" applies and although Defendant did not originally manufacture the SERI Mesh, it owed Plaintiff a duty for the time the SERI Mesh remained implanted in Plaintiff. Pl.'s Resp. to Def.'s Mot. to Dismiss 5, Doc. 16-1. In support of this argument, Plaintiff cites various cases from other jurisdictions which are not persuasive in this matter. Pl.'s Resp. to Def.'s Mot. to Dismiss 5, Doc. 16-1.

### A. Plaintiff's Claims Are Precluded Under the Successor Nonliability Doctrine

When a company purchases the assets of another company, the successor does not become liable for the debts and liabilities of the predecessor. *Cont'l Ins. Co. v. Schneider, Inc.*, 873 A.2d 1286, 1291 (Pa. 2005).  This is known as the successor nonliability principle.

*Id*. However, a purchaser may be liable where: (1) it assumes liability; (2) the transaction amounts to a consolidation or merger; (3) the transaction is fraudulent and intended to provide an escape from liability; (4) the purchasing corporation is a mere continuation of the selling company. *Id.* In *Dawejko*, the Pennsylvania Superior Court adopted the product line exception to the successor nonliability principle. Pursuant to the exception, "the successor undertakes to conduct the same manufacturing operation of the transferor's product lines in essentially an unchanged manner." *Dawejko v. Jorgensen Steel Co.*, 434 A.2d 106, 110 (Pa. Super. Ct. 1981); *see also LaFountain v. Webb Indus. Corp.*, 951 F.2d 544, 547 (3d Cir 1991); *Simmers v. American Cyanamid Corp.*, 576 A.2d 376, 386 (Pa. Super. Ct. 1990); *Polius* v. *Clark Equip. Co*., 802 F.2d 75, 78 (3d Cir. 1986).

Since both Parties argue the applicability of the product line exception, the Court will not address the other exceptions. The product line exception is meant to preserve a plaintiff's remedy against a manufacturer in the event of an acquisition. *LaFountain*, 951 F.2d at 547. The exception does not apply "where the claimant had a potential remedy against the original manufacturer, but failed to exercise all available means to assert his or her claim." *Id.* The Pennsylvania Superior Court has adopted the reasoning that the rule is unavailable when a plaintiff "has recourse against the original manufacturer." *Kradel v. Fox River Tractor Co.*, 308 F.3d 328, 332 (3d Cir. 2002). The exception applies if three circumstances are shown:

> (1) the virtual destruction of the plaintiff's remedies against the original manufacturer caused by the successor's acquisition of the business, (2) the successor's ability to assume the original manufacturer's risk-spreading rule, and (3) the fairness of requiring the successor to assume a responsibility for defective products" as a quid pro quo for enjoying the predecessor's good will.

*Conway v. White Trucks, A Div. of White Motor Corp.,* 885 F.2d 90, 93 (3d Cir. 1989)

Plaintiff did not plead any applicable exceptions to the successor nonliability principle. However, in response to Defendant's Motion, Plaintiff argues that the product line exception does apply, and it is "within the sound discretion of th[e] court" to find it applicable. Pl.'s Resp. to Def.'s Motion to Dismiss 8, Doc. 16-1. Plaintiff further argues that after Defendant purchased the SERI Mesh, it continued to maintain it under the same name and website. Pl.'s Resp. to Def.'s Mot. to Dismiss 9, Doc. 16-1.

Defendant argues that as a successor, it is not liable for Plaintiff's injuries, and the exceptions to the successor nonliability exception are inapplicable to this case. Def.'s Mot. to Dismiss Mem. 10–14, Doc. 5. Defendant avers that Plaintiff's claims cannot proceed under the product line exception, because the original manufacturer of the SERI Mesh remains a corporate entity and allowing Plaintiff's claims to proceed would "directly contravene binding Third Circuit authority." Def.'s Mot. to Dismiss Mem. 14.

Plaintiff's claims against the original manufactures were not destroyed when Defendant purchased the SERI Mesh, nearly two years after Plaintiff's surgery. The Court must reiterate that the product line exception was adopted "because the successor liability doctrine left some plaintiffs who were injured . . . without recourse." *Kradel*, 308 F.3d at 331. This is not Plaintiff's reality. In fact, Plaintiff is seeking recovery from the original manufacturers of the SERI Mesh and Defendant; all are named Defendants in this litigation. Pl.'s Compl., Doc. 1. Furthermore, Defendant repeatedly avers that the asset purchase agreement between the Defendants expressly excluded "previously sold products," including the SERI Mesh. Def.'s Mot. to Dismiss Mem. 11 n.1, Doc. 5. The product line exception is inapplicable, and Plaintiff cannot recover against Defendant on the basis of strict liability.

### B. Defendant Did Not Have A Legal Duty to Warn Plaintiff

Plaintiff's surgeon implanted the SERI Mesh on January 29, 2015; it was removed on December 28, 2016. Pl.'s Resp. to Def.'s Mot. to Dismiss 1, Doc. 16-1. Defendant purchased the SERI Mesh on November 10, 2016 from the other named Defendants via an asset purchase agreement. Pl.'s Resp. to Def.'s Mot. to Dismiss 4–5. Plaintiff argues that Defendant had a legal duty to warn her of the alleged dangers and risks associated with the SERI Mesh during the time it remained implanted in her. Resp. to Def.'s Mot. to Dismiss 4–5, Doc. 16-1. Plaintiff does not cite any case law to support this specific time-period assertion. However, Plaintiff cites to various unpersuasive opinions from other jurisdictions that discuss a successor corporation's duty to warn.

It follows from the Court's analysis in Section A—that Plaintiff cannot proceed with her claims against Defendant pursuant to the successor nonliability doctrine—that Defendant did not have a duty to warn Plaintiff of any alleged defects and risks associated with the SERI Mesh. "[C]ase law generally requires more than mere corporate succession to trigger the duty to warn." *LaFountain*, 951 F.3d at 548. Liability stems from a "relationship with the customer that imposes certain duties and responsibilities;" "Plaintiff must show that the successor had an established relationship with the predecessor's customer." *Id.* In the absence of an applicable exception to the successor nonliability doctrine, and Defendant's expressed refusal to undertake the original manufacturers' debts and liabilities, the Court finds that Defendant did not have a legal duty to warn Plaintiff of any risks and dangers associated with the SERI Mesh.

6

## IV.   CONCLUSION

For the foregoing reasons, this matter against Defendant Sofregen Medical, Inc. is DISMISSED WITH PREJUDICE.